IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 07-369 |
| | ) | |
| BRIAN LEE NESTOR | ) | |

## SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Bruce J. Teitelbaum, Assistant United States Attorney for said District, and submits this Superseding Indictment Memorandum to the Court:

## I. THE SUPERSEDING INDICTMENT

A Federal Grand Jury returned a two-count Superseding Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity. From on or about September 9, 2007 to on or about September 14, 2007. | 18 U.S.C. § 2422(b) |
| 2 | Possession of Material Depicting the Sexual Exploitation of a Minor. On or about March 3, 2005. | 18 U.S.C. § 2252(a)(4)(B) |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity, in violation of Title

18, United States Code, Section 2422(b), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant knowingly used the mail or any facility or means of interstate or foreign commerce;

2.    That the defendant persuaded, induced, enticed or coerced any individual who had not attained the age of 18 years, or attempted to do so;

3.    That the defendant engaged in any sexual activity for which he (the defendant) could be charged with a criminal offense, or attempted to do so.

Title 18, United States Code, Section 2422(b).

B.    As to Count Two:

In order for the crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Section 2252(a)(4)(B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

Title 18, United States Code, Section 2252(a)(4)(B).

2.    That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or

2

had been produced using materials which had been mailed or transported or shipped in interstate commerce.

> Title 18, United States Code, Section 2252(a)(4)(B).

3.    That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

> Title 18, United States Code, Section 2252(a)(4)(B).

### III.  **PENALTIES**

**A.   As to Count One:**

Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity (18 U.S.C. § 2422(b)):

1.    Imprisonment of not less than ten (10) years, and not more than life, 18 U.S.C. § 2422(b)(effective July 27, 2006);

2.    A fine of not more than $250,000.00, 18 U.S.C. §3571(b)(3);

3.    A term of supervised release of up to life, 18 U.S.C. § 3583(k); and

4.    Any or all of the above.

**B.   As to Count Two:**

Possession of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. § 2252(a)(4)(B)):

1.    Imprisonment of not more than ten (10) years, but if the defendant has a prior conviction (Title 18, United States Code,

Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years nor more than 20 years.

    2.   A fine of $250,000.00 (18 U.S.C. §3571(b)(3)).

    3.   A term of supervised release of up to life (18 U.S.C. §3583(k)).

    4.   Any or all of the above.

## IV.   MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.   RESTITUTION

Not applicable in this case.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

_r/_

BRUCE J. TEITELBAUM
Assistant U.S. Attorney
PA ID No. 32266