IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BRIAN LEE NESTOR, )<br>)<br>Defendant. ) | Criminal No. 07-369 |

AMBROSE, Chief District Judge

## MEMORANDUM ORDER

Defendant seeks to sever the two counts of this indictment: Count I, charging Defendant with enticement of a minor by means of interstate commerce on September 9-14, 2007, and Count 2, charging Defendant with possession of child pornography on March 3, 2005.

Joinder is governed by Rules 8 and 14 of the Federal Rules of Criminal Procedure. Rule 8 provides, in relevant part, for joinder of counts if the offenses charged are the same or similar character.

Defendant argues that Counts 1 and 2 are not of the same or similar character because they occurred 2.5 years apart, - because there is no factual connection between them, and because the evidence for each was obtained in a separate investigation. Under Rule 8, however, temporal evidentiary connections are not determinative. Rather, the determining factor is whether the offenses are of the same or similar character. Enticement of a minor and possession of child pornography are similar in character in that they both involve the sexual exploitation of minors. See U.S. v. Hersh, 297 F.3d 1233; U.S. v. Rivera, 2006 WL 2666088 (D. Conn. Sept. 15, 2006); U.S. v. Riccardi, 258 F.Supp.2d 1212 (D.Kan. 2003).

If proper joinder under Rule 8 unduly prejudices a Defendant, Rule 14 allows for

discretionary severance. Under Rule 14, a Defendant must demonstrate clear and substantial prejudice from joinder. Defendant argues that substantial prejudice will occur if joinder is permitted because he intends to testify in the enticement case, arguing that he had no intent to entice, but intends not to testify in the possession case.

Given Defendant's representations concerning his defenses in the enticement case, it is arguable that evidence of repeated viewing and downloading of child pornography would be relevant evidence of Defendant's intent in the enticement case. Therefore, a jury would likely hear the evidence of possession of child pornography in the enticement case.

Furthermore, the evidence as to the two offenses is not intertwined and a jury should be more than able to separate the facts of the two offenses. Additionally, limiting instructions from the court will further limit potential prejudice.

Wherefore, this 22nd day of January, 2008, Defendant's Motion to Sever (Doc. No. 53) is denied.

BY THE COURT:

*Donetta W. Ambrose*
Donetta W. Ambrose,
Chief U.S. District Judge