IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
)
　　　　Plaintiff, )
)
vs. ) Criminal No. 07-369
)
BRIAN LEE NESTOR, )
)
　　　　Defendant. )

AMBROSE, Chief District Judge

# FINDINGS OF FACT, DISCUSSION and ORDER OF COURT

## FINDINGS OF FACT

1. On March 2, 2005, FBI agents Bowman and Szczepanski went to Defendant's residence after receiving a tip provided by a Duquesne police informant of unknown reliability that Defendant had posted claims on the Internet that he had been engaging in sexual activity with minors.

2. When the agents arrived at the main door to Defendant's apartment house, they identified themselves and told Defendant they were conducing a background investigation. Defendant buzzed the agents into the main door.

3. When the agents arrived at Defendant's apartment door, they again identified themselves and told Defendant they were investigating the tip described in paragraph 1. Defendant admitted the agents into his apartment.

4. Defendant denied the allegations described in the "tip;" however, after questioning, Defendant admitted having used the website and receiving, viewing and deleting child pornography. Defendant stated that his computer's saved files would not contain any child pornography.

5. Defendant initially refused the agents' request to look at his computer.

6.  The agents then asked Defendant for references as to his good character. Defendant went to his loft bedroom purportedly to get his cell phone for his references' phone numbers.

7.  After Defendant went to the loft, the agents could hear Defendant doing something to his computer. The agents asked Defendant not to touch his computer. Defendant complied and also gave the agents two reference phone numbers.

8.  The agents exited Defendant's apartment for two-four minutes to allow Defendant to call his attorney and for the agents to call the U.S. Attorney about obtaining a warrant.

9.  Upon re-entering Defendant's apartment, the agents advised Defendant that they were getting a warrant to seize Defendant's computer for a forensic examination. Defendant was told it could take three-six months for his computer to be returned.

10. Defendant expressed concerns about the loss of his computer for such a lengthy period of time and also about the privacy of personal information on his computer.

11. Because Defendant had assured them that there was no child pornography on his computer, the agents agreed to expedite the return of Defendant's computer if Defendant consented to its forensic examination.

12. Defendant asked to call his attorney a second time. The agents exited Defendant's apartment to give Defendant privacy for the call. The agents took the computer into the hallway while Defendant called his attorney.

13. After a few minutes, the agents re-entered Defendant's apartment with the computer. Defendant told them that his attorney had advised him not to turn over the computer absent a warrant. Defendant, nevertheless, consented, in writing and the agents left with the computer.

14. The same day, March 2, 2005, the agents gave the computer to a forensic analyst

who imaged it.

15.     Later the same day, March 2, 2005, but after the computer had been imaged, Defendant called agents to revoke his consent.

16.     The agents then secured the computer and obtained a warrant the next morning, March 3, 2005.

17.     After the computer's image was analyzed, items of child pornography were found on it. The analysis also showed that the last access date and time was on March 2, 3005, one-half hour before the agents arrived at Defendant's apartment. There were numerous access dates in the months preceding March, 2005.

## DISCUSSION

Defendant seeks to suppress the statements he made and the evidence seized from him on March 2, 2005, on the grounds that his statements and consent to the seizure of his computer were involuntary and the product of undue influence and threats of the loss of his computer for three to six months without his consent, all in violation of Defendant's 4th and 5th Amendment rights. At the hearing on January 18, 2008, Defendant withdrew his argument that he was in custody on March 2, 2005. In violation of my instruction that any supplemental motion be filed by January 21, 2008, Defendant filed a supplement on January 22, 2008, revoking his withdrawal of the argument that he was in custody on March 2, 2005.

The voluntariness of a Defendant's statements or consent depends on the totality of the circumstances. Defendant contends the totality of these circumstances:

1)      the subterfuge under which the agents accessed Defendant's apartment building;

2)      the agents' promise of a quick return of Defendant's computer with Defendant's consent to seize it; and

3)      the agents' control over the March 2, 2005, interview, i.e., taking the computer from the apartment into the hallway while Defendant called his attorney;

3

together impugn the voluntariness of Defendant's statement and consent.

The government agrees that voluntariness depends on the totality of the circumstances. As to the agents' subterfuge at the door of the apartment building, Agent Szczepanski credibly testified that the agents did not want to divulge the real purpose of their visit in the public location, where third parties were entering and exiting the apartment building. Before they entered his apartment, the agents told Defendant the true purpose of their visit.

As to the promise of the computers quick return, Agent Szczepanski again credibly testified that, with Defendant's assurance that no child pornography was on the computer, she was willing to "call in a favor" for an expedited analysis.

As to the agents' control of the situation, Agent Szczepanski also credibly testified that the computer was taken into the hallway with Defendant's consent and that Defendant also consented not to touch the computer.

In assessing the totality of the circumstances, it appears from the credible testimony that Defendant freely spoke to the agents and consented to the search of his computer. There is no evidence of coercion or prolonged questioning. The Defendant knew of his right not to consent - both from his initial exercise of that right and also from his attorney. As to the promise of a quick return of his computer, the agents were simply accommodating Defendant based on his representation that there would be no child pornography found on the computer.

Defendant's statements and consent were voluntary and the statements and evidence obtained from the computer are admissible at trial.

Further, I find that Defendant was not in custody on March 2, 2005. Defendant voluntarily admitted the agents into his apartment after knowing the true purpose of their visit. The agents twice left the apartment to afford Defendant privacy in his phone calls to counsel. The agents did not display weapons or question Defendant for a long period of time. The same circumstances,

4

considered collectively, that demonstrate the voluntariness of Defendant's statements and consent, also demonstrate that he was not in custody .

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
vs. ) Criminal No. 07-369
)
BRIAN LEE NESTOR, )
)
    Defendant. )

AMBROSE, Chief District Judge

## ORDER OF COURT

AND now, this 22nd day of January, 2008, Defendant's Motion to Suppress (Docket No. 52) is denied.

BY THE COURT:

*Donetta W. Ambrose*
Donetta W. Ambrose,
Chief U.S. District Judge