IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,

          Plaintiff,
                                        Criminal Action

          vs.                           No. 07-369

BRIAN LEE NESTOR,

          Defendant.
_____


     Transcript of proceedings on  Friday, February 1, 2008,
United States District Court, Pittsburgh, Pennsylvania, before
the Honorable Thomas Hardiman, U.S. Third Circuit Court of
Appeals Judge.


APPEARANCES:

For the Government:        KAY LEE, Esq.



For the Defendant:         W. PENN HACKNEY, Esq.




Court Reporter:            Shirley Ann Hall, RDR, CRR
                           6260 U.S. Courthouse
                           Pittsburgh, PA 15219
                           (412) 765-0408




Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription.

1

2                    P R O C E E D I N G S

3                        * * * * *

4          (In open court.)

5          THE COURT:  Good afternoon.  This is the case of

6   United States of America versus Brian Lee Nestor, Criminal

7   No. 07-369.

8          Mr. Nestor, the Court is informed that pursuant to

9   Rule 11 of the Federal Rules of Criminal Procedure you wish to

10  change the plea you have previously entered to a plea of

11  guilty at Count 2 of the indictment at Criminal No. 07-369.

12  Is that correct, sir?

13         DEFENDANT NESTOR:  Yes.

14         THE COURT:  If you would pull that microphone a

15  little closer to you.

16         Before accepting your guilty plea on this count,

17  there are a number of questions I will ask you to assure

18  myself that it is a valid plea.  If you do not understand any

19  of the questions or at any time wish to consult with your

20  counsel, please say so since it is essential to a valid plea

21  that you understand each and every question before you answer.

22         Okay?

23         DEFENDANT NESTOR:  Okay.

24         THE COURT:  If the clerk would please administer the

25  oath to the Defendant.

1                          * * * * *

2              BRIAN NESTOR, the defendant herein, having been

3      first duly sworn, was examined and testified as follows:

4                              EXAMINATION

5      BY THE COURT:

6      Q.     Mr. Nestor, do you understand that, having been sworn,

7      your answers to my questions will be subject to the penalties

8      of perjury or of making a false declaration if you do not

9      answer truthfully?

10     A.     Yes.

11             MR. HACKNEY:  Judge, I'm sorry to interrupt for one

12     minute.  I had a thought that disturbed me.  Would this plea

13     make the conviction available as impeachment under Rule 609

14     whereas if we did the plea after the trial, it would not be

15     available?

16             MS. LEE:  I believe it would be available for

17     impeachment under 609.

18             MR. HACKNEY:  Then I would move to permit the plea

19     to be entered after the trial.

20             MS. LEE:  Your Honor, if we wait until after the

21     trial, jeopardy would attach.

22             MR. HACKNEY:  Not to the second count.

23             MS. LEE:  The trial is supposed to go forward on

24     both counts.

25             THE COURT:  I thought the motion for severance was

1   denied.

2         MR. HACKNEY: It was, but Your Honor has --

3         THE COURT: If we went -- picked the jury Monday and

4   went to trial only on Count 1 and not Count 2, that would be

5   in effect severing the counts.

6         MR. HACKNEY: Yes, and your Honor has the power to

7   do that. You are the gatekeeper for the trial matter.

8         THE COURT: That's already been denied though.

9         MR. HACKNEY: Judge Ambrose denied it.

10         THE COURT: Right.

11         MS. LEE: Your Honor, could I have a minute --

12         THE COURT: Why don't we have --

13         MS. LEE: Could we talk off the record for a second?

14         THE COURT: Certainly.

15         (Off the record discussion between counsel.)

16         MS. LEE: The Government would be willing to refrain

17   from using this particular guilty plea as 609 -- as

18   impeachment material. We do, however, reserve the right to

19   talk about the evidence with regard to all of the possession

20   of child pornography to the extent the judge would let it in

21   under 404 for the enticement count.

22         THE COURT: Is that acceptable to you, Mr. Hackney?

23         MR. HACKNEY: Yes, Your Honor.

24         THE COURT: All right.

25         So we're clear, the fact of this guilty plea will

1  not be admissible under 609, but the conduct that forms the

2  basis of the guilty plea will be admissible under 404(b),

3  subject to the usual evidentiary objections.

4        MR. HACKNEY:  Yes, sir.  I mean not that it would be

5  admissible, but the Government wouldn't be precluded by its

6  agreement from offering it, from trying to get it in.

7        THE COURT:  Right.

8        MR. HACKNEY:  And the thesis will be that the

9  e-mails on the Yahoo account beginning in July of '06 through

10 his arrest in September of '07 are all relevant and admissible

11 and -- but prior to that I will be arguing are not admissible

12 because they're not relevant -- sufficiently relevant given

13 their prejudice; but that's a question that is not yet

14 resolved and would not be affected by the Government's

15 agreement.

16       MS. LEE:  Right.  The Government obviously has a

17 different view of the admissibility of all that under 404(b),

18 but I think that is a different question for another time,

19 probably during the course of the trial.

20       THE COURT:  All right.  But the Government

21 stipulates not to attempt to offer into evidence at trial the

22 fact of this guilty plea as to Count 2.

23       MS. LEE:  Yes, that's correct.

24       THE COURT:  All right.

25       MR. HACKNEY:  Then we can proceed.  I withdraw my

1  motion.

2          THE COURT:  All right.  Thank you, Mr. Hackney.

3  BY THE COURT:

4  Q.     Mr. Nestor, would you state your complete and true name

5  for the record.

6  A.     Brian Lee Nestor.

7  Q.     What is your present home address?

8  A.     Well, 770 Melbourne Street, Pittsburgh, PA, 15217.

9  Q.     How old are you?

10  A.     44.

11  Q.     What is the extent of your education?

12  A.     I have a bachelor's degree from Indiana University and

13  I have about -- I don't know -- twelve credits earned toward

14  my masters at Duquesne University.

15  Q.     Can you read, write, and understand the English

16  language?

17  A.     Yes.

18  Q.     Have you had any drugs, medication, and/or alcohol

19  within the last 48 hours?

20  A.     No.

21  Q.     Are you now or have you recently been under the care of

22  a physician or a psychiatrist?

23  A.     No.

24  Q.     Are you now or have you recently been hospitalized or

25  treated for narcotic addiction?

1    A.    No.

2    Q.    Are you pleading guilty to Count 2 of an indictment at

3    Criminal No. 07-369?

4    A.    Yes.

5    Q.    You are charged in Count 2 with possession of material

6    depicting the sexual exploitation of a minor in violation of

7    Title 18, United States Code, Section 2252(a)(4)(B).  Have you

8    read and reviewed the entire indictment with your counsel?

9    A.    Yes.

10   Q.    And you've read the superseding indictment as well?

11   A.    Yes.

12         THE COURT:  Is that correct, Mr. Hackney?

13         MR. HACKNEY:  Yes, sir.

14   BY THE COURT:

15   Q.    Mr. Nestor, do you completely understand the charges

16   against you as contained in the indictment and the superseding

17   indictment?

18   A.    Yes.

19   Q.    Do you have any questions about the crimes charged

20   against you in the indictment?

21   A.    No.

22   Q.    Is it your intention to plead guilty today to Count 2

23   of the indictment?

24   A.    Yes.

25         THE COURT:  And just so I'm clear, Mr. Hackney, this

1  is Count 2 of the original indictment or is it Count 2 of the

2  superseding?

3         MR. HACKNEY:  It's the identical count, Your Honor.

4  The only change made in the superseding indictment was to

5  Count 1.

6         THE COURT:  All right.

7         MR. HACKNEY:  So for these purposes it's the same

8  language.

9         THE COURT:  In both.

10        MR. HACKNEY:  Yes.

11        THE COURT:  All right, thank you.

12  BY THE COURT:

13  Q.    Mr. Nestor, I'm going to explain to you now the rights

14  you'll be giving up if you choose to plead guilty.

15        Do you understand that if you would plead not guilty,

16  you would have the right to be assisted by an attorney at the

17  trial of this charge?

18  A.    Yes.

19  Q.    Do you understand that you have the right to plead not

20  guilty and to persist in that plea if it has already been

21  entered; and that if you plead not guilty and if you are

22  unable to afford an attorney, you are entitled to be assisted

23  by an attorney at no cost to you at all phases of the

24  processing of the charges against you including the trial and

25  on appeal?

A.      Yes.

Q.      Do you understand that under the Constitution and laws
of the United States, you are entitled to a speedy trial by a
judge and jury on the charges against you?

A.      Yes.

Q.      Do you understand that at the trial you would be
presumed to be innocent?

A.      Yes.

Q.      Do you understand that at the trial you would not have
to prove that you were innocent?

A.      Yes.

Q.      Do you understand that at the trial the Government
would be required to prove your guilt by competent evidence
and beyond a reasonable doubt before you could be found
guilty?

A.      Yes.

Q.      Do you understand that at the trial the jury must be
unanimous in order to find you guilty on the charge against
you?

A.      Yes.

Q.      Do you understand that you would have the right to
participate in the selection of the jury and that you would
have the right to strike or eliminate any prospective juror if
it is established that the juror is unable to render a fair
and impartial verdict in your case; and that, in addition, you

1  would have the right to strike ten jurors without assigning

2  any reason at all?

3  A.      Yes.

4  Q.      Do you understand that in the course of the trial the

5  witnesses for the Government would have to come to court and

6  testify in your presence?

7  A.      Yes.

8  Q.      Do you understand that in the course of the trial your

9  counsel, Mr. Hackney, would cross examine witnesses for the

10 Government, object to evidence offered by the Government, and

11 then perhaps offer evidence on your behalf?

12 A.      Yes.

13 Q.      Do you understand that at the trial you would have the

14 right to call witnesses to present your side of the case and

15 you can compel their attendance by the use of the subpoena

16 power which is also available to you?

17 A.      Yes.

18 Q.      Do you understand that in the course of the trial, if

19 you qualify as being financially unable to pay witness fees to

20 witnesses you wished to call on your behalf, the Government

21 would pay those witness fees for you?

22 A.      Yes.

23 Q.      Do you understand also that at the trial you would have

24 the right to testify if you chose to do so?

25 A.      Yes.

1    Q.    Do you understand that at the trial you would also have

2    the right not to testify and no inference or suggestion of

3    guilt could be drawn from the fact that you did not testify?

4    A.    Yes.

5    Q.    Mr. Nestor, if you plead guilty and I accept your plea,

6    do you understand that you will waive your right to a trial on

7    this charge and the other rights I have just discussed, there

8    will be no trial on this charge, a judgment of guilt will be

9    entered, and you will be sentenced based on your guilty plea

10    after a presentence report is prepared by the Probation

11    Office?

12    A.    Yes.

13    Q.    If you plead guilty and I accept your plea, do you

14    understand that you will also have to waive your right not to

15    incriminate yourself since I may ask you questions about what

16    you did in order to satisfy myself that you are guilty as

17    charged and that you will have to acknowledge your guilt?

18    A.    Yes.

19    Q.    Having discussed your rights with you, Mr. Nestor, do

20    you still wish to plead guilty?

21    A.    Yes.

22    Q.    The maximum sentence or penalties under the law that

23    may be imposed upon you by the Court for the commission of the

24    crime to which you are pleading guilty are any or all of the

25    following:  As to Count 2, a fine or a term of imprisonment of

1  not more than ten years or both.  If the Defendant has a prior

2  conviction under Title 18, United States Code, Chapter 71,

3  109(a), 110 or 117, or under Title 10, United States Code,

4  Section 920, or under the laws of any state relating to

5  aggravated sexual abuse, sexual abuse or abusive sexual

6  conduct involving a minor or a ward, or the production,

7  possession, receipt, mailing, sale, distribution, shipment, or

8  transportation of child pornography, then the Defendant shall

9  be fined and imprisoned for not less than ten years, nor more

10 than twenty years.

11      Mr. Nestor, do you understand the maximum sentence and

12 penalties for the charge to which you are pleading guilty?

13 A.     Yes.

14 Q.     If you are sentenced to prison and the sentence

15 includes a term of supervised release, do you understand that

16 if you violate the conditions of supervised release, the Court

17 may take any of the following actions:  First, do you

18 understand that the term of supervised release may be extended

19 if the term previously imposed was less than the maximum

20 authorized term of supervised release?

21 A.     Yes.

22 Q.     Do you understand that the Court may modify, reduce, or

23 enlarge the conditions of supervised release?

24 A.     Yes.

25 Q.     Or that the Court may also revoke your term of

supervised release and you may be imprisoned up to all or part
of the term of the supervised release that was originally
authorized for the offense that resulted in your sentence of
supervised release without any credit for time you have
already spent on supervised release or in combination of
imprisonment followed by a term of supervised release so long
as the combination does not exceed the original authorized
term of supervised release?

       For example, if the term of supervised release that was
originally authorized was life and the term imposed by the
Court was five years, then you may be imprisoned for a term up
to life for the violation.  Do you understand that?

A.    Yes.

Q.    The Court notes for the record that in early 2005 the
Supreme Court of the United States in United States versus
Booker invalidated the sentencing guidelines as historically
applied and held that the guideline ranges were merely
advisory.

       Under this Court's interpretation of Booker, a
sentencing judge is required to consider the applicable
guideline range in determining a sentence, but possesses broad
discretion to sentence based on the circumstances of each case
so long as the sentence imposed is within the statutory range
and is reasonable.

       Mr. Nestor, do you understand that because the offense

1   with which you are charged in the indictment and the

2   superseding indictment occurred after November 1, 1987, that

3   the Court would consider the sentencing guidelines promulgated

4   or adopted by the United States Sentencing Commission in

5   determining your sentence?

6   A.     Yes.

7   Q.     Have you and your attorney discussed how the guidelines

8   might apply in your case?

9   A.     Yes.

10              THE COURT:  Is that correct, Mr. Hackney?

11              MR. HACKNEY:  It is, sir.

12  BY THE COURT:

13  Q.     Do you understand that the Court will not be able to

14  determine the guidelines for your case until after the

15  presentence report has been completed and the Government and

16  you have had an opportunity to challenge the reported facts

17  and the application of the guidelines recommended by the

18  Probation Office; and, further, that the sentence imposed may

19  be different from any estimate that your attorney may have

20  given you?

21  A.     Yes.

22              THE COURT:  Miss Lee, what is the Government's

23  position as to the applicable guidelines range on this count?

24              MS. LEE:  Your Honor, the Government believes that

25  the guideline range is, I believe, 70 to 81 months.  I don't

1  have my guidelines in front of me, I apologize, but I do

2  believe that's the applicable guideline range.

3          THE COURT:  Mr. Hackney, what is the Defendant's

4  position?

5          MR. HACKNEY:  Your Honor, with the base offense

6  level of 18, plus two for use of a computer, plus two for

7  prepubescent minor in one of the pictures, one of the movies,

8  plus five because there were at least eight movies, and each

9  movie is counted as 75 images, so you're more than 600 images,

10  and that becomes a Level 27, Your Honor.  As we discussed at

11  the pretrial conference, the guilty plea, the Government

12  doesn't plan to object to the full three-level reduction, and

13  that would be level 24.  Mr. Nestor has no prior record, which

14  results in a range of 51 to 63 months.

15          THE COURT:  All right.

16          And, Miss Lee, just to confirm, the Government is

17  agreeing to the three-level reduction, is that correct?

18          MS. LEE:  That is correct, Your Honor.  And my

19  guideline range that I believed was appropriate did not factor

20  in that, the reduction for acceptance of responsibility.

21          MR. HACKNEY:  That's correct.

22          MS. LEE:  Just to be clear.

23          THE COURT:  So our understanding is Mr. Hackney has

24  correctly --

25          MS. LEE:  That's correct.

1        THE COURT:  Okay.

2   BY MR. HACKNEY:

3   Q.      Mr. Nestor, do you understand that after it has been

4   determined what guidelines range applies to a case, the judge

5   has the authority to vary from that guidelines range and

6   impose a sentence that is more severe -- that is longer -- or

7   less severe -- that is shorter -- than that called for by the

8   guidelines so long as the sentence imposed is within the

9   statutory range and is reasonable?

10  A.      Yes.

11  Q.      Do you also understand that unless waived by agreement,

12  you or the Government may have the right to appeal any

13  sentence that is imposed?

14  A.      Yes.

15  Q.      Do you also understand that, under the guidelines,

16  parole has been abolished; and that if you are sentenced to

17  prison, you will not be eligible for parole?

18  A.      Yes.

19  Q.      A Defendant must serve the sentence imposed by the

20  Court provided, however, that after the first year of a

21  sentence, a Defendant may earn up to 54 days of good time for

22  each additional year of the sentence imposed.

23          Mr. Nestor, do you understand that the offense to which

24  you are pleading guilty is a felony offense?

25  A.      Yes.

1   Q.    Do you understand that if your plea is accepted, you

2   will be adjudged guilty of the offense?

3   A.    Yes.

4   Q.    And that such adjudication may deprive you of certain

5   valuable civil rights such as the right to vote, the right to

6   hold public office, the right to serve on a jury, and the

7   right to possess any kind of a firearm?

8   A.    Yes.

9         THE COURT:  At this time I would ask that the plea

10   agreement be handed to Mr. Nestor.

11         MS. LEE:  There is no plea agreement.

12         THE COURT:  There is no written plea agreement?

13         MS. LEE:  That's correct.

14         THE COURT:  All right.

15   BY THE COURT:

16   Q.    Mr. Nestor, other than -- strike that.

17         Mr. Nestor, have you been instructed by your counsel,

18   Government counsel, or anyone else to respond untruthfully to

19   any question concerning a promised sentence?

20   A.    No.

21   Q.    Has anyone made any prediction or promise to you as to

22   what your sentence will be?

23   A.    No.

24   Q.    And to confirm, you've not been instructed by your

25   counsel or anyone else to respond untruthfully to any question

1  concerning a promised sentence.

2  A.    No.

3      THE COURT:  Miss Lee, as Assistant United States

4  Attorney on this case, will you now please place on the record

5  the elements of the offense to which Brian Lee Nestor is

6  pleading guilty so it will be clear to him and on the record

7  that he understands the nature of the offense to which he may

8  be entering a plea of guilty.

9      MS. LEE:  Certainly, Your Honor.

10      For the crime of possession of materials depicting

11  the sexual exploitation of a minor in violation of Title 18,

12  United States Code, Section 2252(a)(4)(B), the Government must

13  prove, one, that the Defendant knowingly possessed one or more

14  items which contained a visual depiction of a minor engaging

15  in sexually explicit conduct.

16      Two, that the item which contained the visual

17  depiction had been mailed, transported, or shipped in

18  interstate commerce or had been produced using materials which

19  had been mailed or transported or shipped in interstate

20  commerce.

21      And, three, that the production of the visual

22  depiction involved the use of a minor engaging in sexually

23  explicit conduct as those terms are defined in Title 18,

24  United States Code, Section 2256.

25      THE COURT:  Thank you, Ms. Lee.

1  BY THE COURT:

2  Q.    Mr. Nestor, do you understand that before you could be

3  found guilty of the offense to which you are entering a plea

4  of guilty, the Government would have to prove all of the

5  elements of the crime beyond a reasonable doubt?

6  A.    Yes.

7       THE COURT:  Miss Lee, what in summary would be the

8  Government's evidence as to the charge?

9       MS. LEE:  Your Honor, the Government would prove the

10 following if so required at trial.  On March 2nd, 2005,

11 Federal Bureau of Investigation Special Agents Karen Spazinski

12 and Matthew Bowman went to the Defendant's apartment in the

13 Shadyside section of Pittsburgh to interview him.  They went

14 to talk to him because they had received a tip that the

15 Defendant was boasting over an Internet chat room that he had

16 molested a young boy.

17       When they got to the apartment, the agents talked to

18 him about the tip and about the possession of child

19 pornography in general, and it was during this interview that

20 the Defendant admitted that he had downloaded and viewed child

21 pornography in the past and that he was most interested in mid

22 to late teen boys.

23       While the agents were there, the Defendant excused

24 himself from the interview and left the room purportedly to

25 retrieve a cell phone, and it was during this time when he was

1  out of the room that the agents heard the sounds of a

2  miscellaneous clicking on the Defendant's computer.  After

3  this, the Defendant stated to the agents that he was sure that

4  there would be no child pornography on the computer and

5  consented to a search of the computer.

6       On March 3rd of 2005, the next day, forensic

7  computer examiners at the FBI examined the Defendant's

8  computer.  And it was during that examination where they

9  retrieved deleted pornographic movies and still images from

10  the Defendant's hard drive.

11       In total, there were numerous pornographic videos,

12  at least 18 of which clearly depicted prepubescent and teenage

13  minors engaging in sexual activity, and there are also

14  thousands of still images on the Defendant's hard drive, many

15  of which also contained images of minors engaging in sexual

16  activity.

17       The titles of these videos and images frequently

18  contained specific ages regarding the ages of the people

19  depicted in the videos.  For example, the title would indicate

20  if it was a 9-year-old, a 14-year-old, et cetera.  And some of

21  the videos and pictures also had titles that contained general

22  age ranges of the individuals in the videos such as preteen or

23  teen, et cetera.

24       When the FBI examiners examined the deleted videos

25  in detail, they discovered that the videos -- many of the

1  videos had a last access date of March 2nd at around

2  9:30 a.m., meaning that those videos were last accessed --

3  either viewed or otherwise accessed approximately an hour

4  before the agents came to the Defendant's house on

5  March 2nd, 2005.

6  The Government would prove that these videos and

7  still images did, in fact, contain images depicting minors

8  engaging in sexually explicit conduct in violation of

9  Title 18, United States Code, Section 2256.  The videos were

10  downloaded from the Internet and were saved in a file on the

11  Defendant's hard drive -- a specific file on the Defendant's

12  hard drive.

13  Some were also in the form of temporary Internet

14  files, meaning he didn't necessarily download the videos onto

15  his computer, but that he viewed them from his computer from

16  the Internet.  The still pictures were contained in a file

17  entitled "My Shared Folder" under the Kazaa folder of the

18  Defendant's hard drive.  Kazaa is a peer-to-peer file sharing

19  network where the users use the Internet to share and exchange

20  videos and files and images.

21  In addition, the Government will prove that the

22  Defendant communicated in chat rooms during this same time

23  period, the February, March, 2005, time period.  And in those

24  chat rooms he would say that he was either looking for child

25  pornography or he was describing the child pornography that he

1    had in his possession.  In addition, there are e-mails in 2006

2    and 2007 in which the Defendant describes how he used to use

3    Kazaa to download child pornography videos and images onto his

4    computer.

5              That's the summary of what the Government would

6    prove if required to at trial.

7              THE COURT:  Thank you, Miss Lee.

8    BY THE COURT:

9    Q.    Mr. Nestor, I intend to ask you whether you agree with

10   the Government's summary of what you did; but before I ask, do

11   you understand that your answers may later be used against you

12   in a prosecution for perjury or false statement if you do not

13   answer truthfully?

14             MR. HACKNEY:  Judge, may I ask to interrupt again?

15   Because there's an upcoming trial where Mr. Nestor does intend

16   to testify, he's not going to assent to all of the facts that

17   Miss Lee mentioned.  He assents absolutely that he knowingly

18   possessed some of those movies on his computer at some point

19   prior to March 2 and on March 2, 2005.  But I just can't let

20   him make a blanket assent to all of that rendition of facts

21   because I don't know how much of it might be relevant at the

22   trial, if any.

23             THE COURT:  All right.

24   BY THE COURT:

25   Q.    Mr. Nestor, do you agree with what Mr. Hackney just

1  said, that you admit to possessing the child pornography

2  images on your computer?

3       (Off the record discussion between Defendant and

4  counsel.)

5  BY THE COURT:

6  A.    Yes.  Yes.

7  Q.    All right.  And without reference to any specific

8  statements that Ms. Lee made, do you agree generally with the

9  summary of what she has articulated that you did?

10       MR. HACKNEY:  Yes, sir; that was the evidence

11  presented at the suppression hearing.

12       DEFENDANT NESTOR:  I agree to --

13       THE COURT:  Mr. Hackney, I gather from what you're

14  interjecting that you want to make sure that by laying a

15  factual predicate for me to accept the guilty plea on Count 2,

16  Mr. Nestor is not deemed to be admitting any facts that the

17  Government may attempt to offer into evidence at the trial.

18       MR. HACKNEY:  That's exactly correct, sir.

19       THE COURT:  All right.

20       MR. HACKNEY:  But he admits knowingly possessing

21  child pornography on March 2, 2005.

22       THE COURT:  All right.

23  BY THE COURT:

24  Q.    Is that correct Mr. Nestor?

25  A.    Yes, I -- I -- I agree to the -- to -- to the

1   possession, but I --

2   Q.    Okay.  Mr. Nestor, the Court finds, then, there is a

3   factual basis to accept your guilty plea as to Count 2 of the

4   superseding indictment at Criminal No. 07-369 if the same is

5   entered herein.  Do you still wish to plead guilty to Count 2,

6   Mr. Nestor?

7   A.    Yes.

8         THE COURT:  Mr. Hackney, is this consistent with

9   your advice?

10        MR. HACKNEY:  It is, sir.

11  BY THE COURT:

12  Q.    Mr. Nestor, has anyone forced you in any way to enter a

13  plea to this charge?

14  A.    No.

15  Q.    Has anyone offered you or promised you anything in

16  order to get you to enter a plea to the charge other than what

17  is set forth in -- strike that.

18        Has anyone offered you or promised you anything in

19  order to get you to enter a plea to the charge?

20  A.    No.

21  Q.    So if you enter a plea of guilty, would it be your own

22  free and voluntary act?

23  A.    Yes.

24  Q.    Do you understand everything that I have discussed with

25  you today?

A.      Yes.

Q.      Have you ever had any physical or mental illness that would or might affect your ability to understand these rights or affect the voluntary nature of your plea?

A.      No.

Q.      Are you satisfied in all respects with the advice and representation of your counsel?

A.      Yes.

        THE COURT:  Miss Lee, would you now place -- strike that --

BY THE COURT:

Q.      Mr. Nestor, are you now on probation or parole or were you on probation or parole at the time of the offense?

A.      No.

Q.      Have you answered truthfully to all of the questions I have asked you today?

A.      Yes.

Q.      Mr. Nestor, you are charged by the United States of America in Count 2 of the superseding indictment at Criminal No. 07-369 with possession of material depicting the sexual exploitation of a minor in violation of Title 18, United States Code, Section 2252(a)(4)(B).  How do you plead to Count 2?

A.      Guilty.

        THE COURT:  Mr. Nestor, the Court finds that you are

1   competent, that you know and understand your right to a jury

2   trial, and the consequences of waiving that right, and that

3   you know what the maximum sentence and penalty are.  The Court

4   therefore accepts your guilty plea and hereby adjudges you

5   guilty of the crime set forth in Count 2 of the superseding

6   indictment at Criminal No. 07-369.

7         At this time I would ask that the Defendant sign the

8   change of plea form.

9         (Change of plea form signed.)

10        THE COURT:  The Court notes for the record the

11   signature of the Defendant, Brian Lee Nestor, and his counsel,

12   Penn Hackney, on the change of plea form.

13        Mr. Nestor, the Court orders a presentence

14   investigation report which will be important to the Court in

15   its decision as to what your sentence will be.  Pursuant to

16   local Criminal Rule 32.1, you and your attorney will have an

17   opportunity to examine the report.  At the time of sentencing

18   you will have the right and the opportunity to present

19   information to the Court concerning matters in the report

20   which you dispute.

21        It is ordered that the Probation Office shall

22   provide the Court with a copy of the initial presentence

23   report at the time the Probation Office furnishes the report

24   to counsel for the Defendant and the Assistant United States

25   Attorney.  Counsel should be aware of the provisions set forth

1  in local Rule 32.1 concerning resolution of disputes

2  concerning factors relevant to the sentencing.

3          Disposition of sentencing in this case is set for

4  Friday, May 9, 2008, at 1:30 p.m.

5          MR. HACKNEY:  I'm sorry, sir, which date?

6          THE COURT:  Friday, May 9, 2008, at 1:30 p.m.

7          As I indicated to counsel earlier, I've made

8  modifications to the proposed voir dire for jury selection on

9  Monday, and I would ask you to coordinate at the conclusion of

10 this hearing with my law clerks so they can e-mail you the

11 updated versions of the voir dire.

12         Why don't we meet in my chambers at 8:45 a.m. on

13 Monday to wrap up any loose ends relative to jury selection.

14 And we will pick the jury as soon as practicable on Monday.

15 If things go smoothly, I'd anticipate picking the jury in the

16 morning, having a luncheon recess, then beginning the trial

17 Monday afternoon; but we'll have to see how jury selection

18 proceeds.

19         Anything else at this time on behalf of Government,

20 Miss Lee?

21         MS. LEE:  One other thing, Your Honor.  As we

22 discussed in the pretrial conference earlier today, the

23 Government has the binders of the e-mails that we mentioned

24 for Your Honor if you would like them.

25         THE COURT:  Yes, if you'd give them to my law clerks

1  as well.

2          Anything else, Miss Lee?

3          MS. LEE:  Nothing from the Government.

4          THE COURT:  Mr. Hackney, anything further on behalf

5  of Defendant?

6          MR. HACKNEY:  No, sir.

7          THE COURT:  This matter is adjourned.

8          (Whereupon, at 12:45 p.m., court was adjourned.)

9                    * * * * *

10                C E R T I F I C A T E

11         I, Shirley Ann Hall, certify that the foregoing

12  is a correct transcript from the record of proceedings in the

13  above-titled matter.

14                      s/Shirley Ann Hall_____
                        Shirley Ann Hall, RDR, CRR
15                      Official Reporter

16

17

18

19

20

21

22

23

24

25