1

1        IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA

2

3   UNITED STATES OF AMERICA,

4    vs.
                 Criminal No. 07-369

5   BRIAN LEE NESTOR,
        Defendant.

6

    Transcript of Sentencing Proceedings on Wednesday, May 9,

7  2008, United States District Court, Pittsburgh, Pennsylvania,
   before Donetta W. Ambrose, Chief District Judge.

8

9  APPEARANCES:

10   For the Government:     Bruce Teitelbaum, Esq.
                   Kay B. Lee, Esq.

11                 Assistant U.S. Attorney
                400 USPO and Courthouse

12               700 Grant Street
               Pittsburgh, PA 15219

13

14   For the Defendant:      W. Penn Hackney, Esq.
                Federal Public Defender's

15               Office
               1001 Liberty Avenue

16               1450 Liberty Center
               Pittsburgh, PA  15222

17

18

19

20   Court Reporter:            Juliann A. Kienzle, RMR, CRR
                              Fifth Floor USPO & Courthouse
21                              700 Grant Street
                              Pittsburgh, PA 15219
22                              (412) 261-6122


23


24      Proceedings recorded by mechanical stenography; transcript
       produced by computer-aided transcription.
25

1  (Proceedings held in open court; Wednesday, May 9, 2008.)

2        THE COURT:  Good afternoon.  We have a sentencing

3  hearing this afternoon in the case of the United States of

4  America against Brian Nestor.

5        For the record, I have received several letters.

6  I've received a letter from Mr. Nestor's sister, Deborah

7  Nestor, Philip McKees, a friend, and a letter from Thomas

8  Bowman Young.  Those are all the letters I have.

9        Does that seem to be the amount of letters that

10  came?

11        MR. HACKNEY:  Yes, that's what I have submitted.

12        THE COURT:  Have you seen those, Ms. Lee?

13        MS. LEE:  Yes.

14        THE COURT:  Then I'm going to have them admitted

15  into the record as court exhibits.

16        Mr. Nestor, would you stand and raise your right

17  hand, please.

18     (Administration of the oath.)

19        THE COURT:  Have you read the presentence report?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Have you reviewed it with Mr. Hackney?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Is there any fact or anything else in

24  the report that you feel is not correct?

25          THE DEFENDANT:  No.

1    THE COURT:  Is there anything missing from the

2  report which you think should have been included?

3    THE DEFENDANT:  No.

4    THE COURT:  The government previously filed a

5  statement indicating that they had no objections to the

6  report.

7    Is that correct, Ms. Lee?

8    MS. LEE:  That is correct, Your Honor.

9    THE COURT:  Mr. Hackney, is that your position as

10  well?  I know you filed a sentencing memorandum, but in terms

11  of the facts and calculations in the report, do you believe

12  everything is accurate?

13    MR. HACKNEY:  The facts are.  There's what I

14  consider to be an important calculation question.

15    THE COURT:  The one point.

16    MR. HACKNEY:  The Count Two, it's not so much the

17  one point, I don't mind the one point, but I need a separate

18  sentence on Count Two.  I believe the guideline range for

19  Count Two should be 41 to 51 months and I would be seeking a

20  sentence at the low end of that range.

21      THE COURT:  I didn't know that you -- you had

22  suggested in your submissions that perhaps the sentence on

23  Count Two not occur until maybe after the appeal had expired.

24  We know that we have Count One, which is a mandatory minimum

25  of ten years.

1       MR. HACKNEY: That would be satisfactory, Your

2 Honor. That's certainly my second suggestion.

3       THE COURT: Did you talk to the government about

4 this? Was there ever any discussion about it?

5       MS. LEE: We talked about the possibility of Your

6 Honor imposing separate sentences for each of the counts. The

7 government doesn't have an objection to that. Holding the

8 sentence of Count Two in abeyance, though, I don't think that

9 that is appropriate or necessary in this case.

10       THE COURT: Now, let me just ask. If we did that,

11 if we sentenced separately on Count One and on Count Two, do

12 you disagree with his calculations?

13       Take a minute and talk. I kind of agree with

14 Ms. Lee. I don't want to hold this off for maybe two years.

15 I know the appeals court says they do everything in three

16 months, but we know differently.

17       MS. LEE: 46 to 57 months is what we'd agree to.

18       MR. TEITELBAUM: The dispute might be over the one

19 point.

20          MR. HACKNEY:  That's the point.

21          MR. TEITELBAUM:  Mr. Hackney asked for the third

22  point for acceptance of responsibility.

23          THE COURT:  When you said the one point, I thought

24  you meant the multiple Count One point that comes in on

25  Paragraph 38.  You were talking about the one point for

1 acceptance?

2      MR. HACKNEY:  I was, the extra point for acceptance

3 of responsibility that we do have a dispute over.

4      THE COURT:  Why don't we do this -- well, that's on

5 the guilty plea.  That's on Count Two.

6      MR. HACKNEY:  Yes, Your Honor.  So how do you want

7 to proceed then?  If we have these separate sentencings, what

8 would you like to do first?

9      The only question is whether Your Honor will

10 calculate the sentence on Count Two based on a three-level

11 reduction for accepting responsibility or a two-level

12 reduction for accepting responsibility.

13      THE COURT:  Let me just say something that you have

14 in your submissions that I probably think we might have a

15 misunderstanding about.

16      Obviously, under Booker, I can impose any

17 reasonable sentence, but I can't impose or subtract a point

18 for acceptance of responsibility.  I can't do that because

19 that's the government's province, right?

20        MR. HACKNEY:  That is the government's province

21  given to them by the guidelines.

22        THE COURT:  Right.

23        MR. HACKNEY:  Which are advisory.

24        THE COURT:  That's right.  That's what I'm saying.

25        In your submissions, it makes it sound like the

1   Court can give that extra point for acceptance of

2   responsibility.  I don't think that's so.  I think I can do

3   any sentence that is reasonable under Booker, but if it's a

4   guideline request, which acceptance of responsibility is part

5   of the guidelines system, then that comes from the government.

6   Right?

7          MR. HACKNEY:  We'll have to disagree.  I think Your

8   Honor does not have to accept the government's recommendation

9   on whether three points should be given or not.

10          THE COURT:  So right now let me just get this

11   straight.

12          MR. HACKNEY:  Even within the guideline system.

13          THE COURT:  Right now we're on Count Two.  We're

14   talking about Count Two?

15          MR. HACKNEY:  Yes.

16          THE COURT:  I guess I just have -- I don't know if

17   it's a difference that really doesn't matter because, again, I

18   think I can impose any sentence that is reasonable as long as

19   I give reasons.

20          MR. HACKNEY:  Yes, that's true.

21          THE COURT:  And that my reasons are sound and

22  valid.  But I don't think I can say you get an extra point for

23  acceptance of responsibility.

24          Now, I'll see what Ms. Lee has to say.

25          MS. LEE:  Your Honor, I agree.  I believe that the

1  government would have to move for Your Honor to subtract

2  either two or three points from the guideline range as

3  calculated.  And the government agrees that he is entitled to

4  a two-level reduction because he pled guilty prior to the

5  commencement of trial.  But that third point, even if Your

6  Honor was able to grant it in your discretion or at your

7  choosing, the government believes that he is not entitled to

8  that third point because he pled guilty on the Friday before

9  trial started on Monday.

10        The government had spent hours upon hours

11  interviewing witnesses, going through exhibits, analyzing the

12  computer, preparing for trial on both of those counts, that

13  enticement count and the child pornography count, and it

14  wasn't until the 11th hour, I believe it was the afternoon on

15  the Friday before trial that the defendant chose to plead

16  guilty at that point.

17        THE COURT:  Mr. Hackney had suggested that perhaps

18  there wasn't anything done between the initial appearance

19  before Judge Caiazza and that Friday, but I don't think that's

20  --

21        MR. HACKNEY:  Between the last of discovery on

22  January 23, which was the last discovery and --

23        THE COURT:  No interviewing of witnesses, no

24  preparing them for trial?

25        MR. HACKNEY:  That's my understanding.

1      THE COURT:  Where did you get that understanding?

2      MR. HACKNEY:  Because I have been talking to the

3  government counsel about discovery and getting the information

4  that they were going to use in the trial of Count Two.

5      THE COURT:  It just seems to me -- I'll let them

6  speak to this, but it would be unusual for the government to

7  stop preparing for a trial scheduled in February sometime in

8  January and to do nothing until the day the trial begins and

9  come in and pick a jury.  That would be unusual.  But maybe

10  that's what happened.

11      MS. LEE:  It's simply not true, Your Honor.  We

12  were spending hours upon hours preparing for trial,

13  interviewing witnesses, figuring out which exhibits we want to

14  use, making sure that the computer analysis was done and that

15  Mr. Teitelbaum and I understood it.  We spent hours sitting

16  with the agents.  All of that time was done preparing for

17  trial for both of these counts.  Like I said, it wasn't until

18  the 11th hour that the defendant chose to plead guilty to that

19  second count, the possession of child pornography count for a

20  tactical reason.  He had the right to do so, but given the

21  time and given the sequence that all this stuff happened, we

22  simply don't believe he is entitled to that third point.

23          MR. HACKNEY:  I certainly can't contradict

24  factually what Ms. Lee says.  From the discovery I received,

25  there would be one witness to testify to the computer, the

1  seizure of the computer and another witness to testify to what

2  was on the computer.  That was what we were working together

3  on until -- through January 23.  I don't know what they did

4  since then, that's correct, but by January 23rd, I thought I

5  had everything that they had and that they were going to offer

6  into evidence.  And so that's why I thought there wasn't any

7  more substantial work done other than marking exhibits or

8  something.

9        THE COURT:  Here's what I want to do.  I want to

10  get more organized.  If we are going to have two separate

11  sentencings, let's begin with Count One, the count on which

12  Mr. Nestor went to trial and was convicted.  As I understand

13  it, this is not your argument.  Your argument is on Count Two.

14  We're going to have a separate sentencing there.

15        Just so the record is clear, Count One carries a

16  mandatory minimum sentence of 120 months.

17        Right?

18        MS. LEE:  That's correct, Your Honor.

19        THE COURT:  We both agree to that.  We all agree to

20  that.

21          It is a period of supervised release of not less

22  than five years or more than life and a fine of $250,000.

23          Is that right?

24          MS. LEE:  That's correct, Your Honor.

25          THE COURT:  That is the range.  That is the

1  advisory guideline range.  It's more than that, it's a

2  mandatory minimum.

3  　　　　MR. HACKNEY:  Yes, Your Honor.

4  　　　　THE COURT:  So, obviously, my discretion is

5  curtailed.  Mandatory minimum Booker doesn't apply.  So we

6  know what it is for Count One.

7  　　　　So, do you have any further argument on Count One?

8  　　　　MR. HACKNEY:  No, Your Honor.

9  　　　　THE COURT:  How about the government?

10  　　　　MS. LEE:  No, Your Honor.

11  　　　　THE COURT:  Mr. Nestor, before I impose sentence on

12  Count One, which, as you know, carries a mandatory minimum

13  sentence, you are entitled to say anything at all that you

14  would like to say about that.  It's your opportunity, if there

15  is something you'd like to say.

16  　　　　THE DEFENDANT:  I just want to say that, you know,

17  a lot of this is -- if I would have known any -- if I could

18  see into the future and see what my actions would bring about

19  to my family and to my life, I wouldn't have even thought

20  about getting drunk, which I was drunk most of the time under

21  alcohol and going on the computer and doing different things.

22  I'm very sorry.  As sorry as I could possibly be in my life.

23  I have never been more sorry.  I've lost the chance of ever

24  seeing my mother again who is bedridden with MS.  I probably

25  won't see my dad again.  I've lost not just my family, I've

1  lost my home, everything I own, my vehicle, my finances, more

2  recently my health.  I have severe health problems.  Wednesday

3  I get operated on.  I've lost everything that a man can lose

4  and I have never been more sorrier about anything in my life.

5           Since I have been in Beaver County jail, I've had

6  the opportunity to re-establish my faith with God and I've

7  done that and I go to as many meetings and Bible studies as I

8  can.  It says in Matthew, if you have as much as a mustard

9  seed of faith, that God will be there for me.  I'm sorry that

10  I've used up everybody's time and the government's time, but I

11  just want to say that I'm sorry to all those involved.

12  Probably the most person I'm sorry to is my family.  That's

13  all I have to say.

14           THE COURT:  Thank you, Mr. Nestor.

15           Well, I don't doubt anything that you have just

16  said because I am sure that if you would have ever anticipated

17  the repercussions that would attend to your actions, you would

18  have, hopefully, not engaged in such conduct.

19           My job today is to impose a sentence that is

20  sufficient to but not greater than necessary to achieve the

21  goals of sentencing.  And the goals of sentencing are to

22  impose just punishment for a crime, to consider how serious

23  that crime is, to protect the public from further conduct by

24  someone who engages in the kind of conduct that you have

25  engaged in, and generally, to show the public that there are

1  dire consequences to these kinds of actions.  And finally, to

2  provide you with some effective correctional treatment so that

3  your behavior can somehow be modified so that you can conform

4  to what society expects out of its citizens.

5         Unfortunately, in this case, Congress has made a

6  determination and the determination made by Congress is that a

7  penalty of ten years must be imposed on an offense such as the

8  one that you have been found guilty of by a jury.  Now, I'm

9  required to impose that sentence.

10         I know, I know how hard a sentence that is.  I

11  don't know what I can say to you today except that from what

12  you have said to me, I am hoping that you will keep the faith

13  that you have described to me throughout your period of

14  incarceration, that it will be an experience that somehow you

15  manage to get through and that you some day can return to

16  society as an individual who can live within the bounds of the

17  law.  I know this is a difficult sentence.  Believe me.  But,

18  the particular conduct encompassed in Count One is even more

19  serious than that in Count Two.  But your actions in enticing,

20  which is the title of the crime, an individual to bring a

21  younger, an adolescent into a very harmful relationship is a

22  danger to the public and the public has to be protected, and I

23  can't second guess nor disobey the mandates of Congress in

24  this area.

25          So for that reason and pursuant to the Sentencing

1  Reform Act of 1984, it is my judgment that the defendant,

2  Brian Lee Nestor, be committed to the custody of the Bureau of

3  Prisons to be imprisoned for a term of 120 months at Count

4  One.

5       Upon release from imprisonment, you shall be placed

6  on supervised release for a term of ten years at Count One.

7  Within 72 hours of release from custody, you shall report in

8  person to the probation office in the district in which you

9  are released.  While you are on supervised release, you shall

10  not commit another federal, state or local crime.  You shall

11  comply with standard conditions of supervised release

12  recommended by the Sentencing Commission and adopted by this

13  court and you shall comply with the following additional

14  conditions.

15       You shall not possess a firearm, ammunition,

16  destructive device or other dangerous weapon.

17       You shall not illegally possess a controlled

18  substance and shall refrain from the use of alcohol.

19       You shall participate in a program of testing and,

20  if necessary, treatment for substance abuse to include alcohol

21  as directed by the probation office until such time as you are

22  released from the program by the probation office.  You shall

23  be required to contribute to the cost of services for

24  treatment in an amount determined by the probation office but

25  not to exceed actual costs.

1       You shall submit to one drug urinalysis within 15

2  days after being placed on supervision and at least two

3  periodic tests thereafter.

4       You shall participate in a mental health treatment

5  program and/or sex offender treatment program as approved and

6  directed by the probation office and abide by all program

7  rules, requirements and conditions of the sex offender

8  treatment program, including submission to polygraph testing

9  to determine your compliance with the conditions of release.

10       You shall report the address where you will reside

11  and any subsequent change of address to the probation officer

12  responsible for your supervision in accordance with federal

13  law.  Further, you shall register as a convicted sex offender

14  in any state where you reside, where you are employed, where

15  you carry on a vocation or where you are a student.  You shall

16  not possess any materials including pictures, photographs,

17  books, writings, drawings, videos or video games depicting

18  and/or describing child pornography as defined under federal

19  law.  You shall submit your person, your property, house,

20  residence, vehicle, papers, effects, computers and other

21  electronic communication or data storage devices or media to

22  search at any time, with or without a warrant, by any law

23  enforcement or probation officer based upon reasonable

24  suspicion of contraband evidence of a violation of a condition

25  of release or supervision or unlawful conduct by you.  Failure

1  to submit to a search may be grounds for revocation.  You

2  shall inform any other resident where you live that premises

3  may be subject to search pursuant to this condition.

4         You shall cooperate in the collection of DNA as

5  directed by the probation office.  You shall pay to the United

6  States the special assessment of $100 to the United States

7  District Court Clerk forthwith.  In light of the fact that you

8  have been incarcerated and will continue to be, I find that

9  you do not have the ability to pay a fine and I'm waiving a

10  fine in this case.

11         I am also recommending that you be deemed eligible

12  for any sex offender and/or substance abuse and/or mental

13  health treatment programs offered by the federal correctional

14  institution in which you are incarcerated or any other federal

15  correctional institution.

16         Now, Mr. Nestor, I'm advising you that you have a

17  right to appeal this sentence within ten days from today.  If

18  you are unable to pay the costs of an appeal, you may apply

19  for leave to appeal without the payment of costs.  If you're

20  given permission to appeal without the payment of costs, you

21  may request the Clerk of this court to prepare and file a

22  notice of appeal on your behalf.

23       Is there anything further as to Count One?

24       MS. LEE:  Nothing, Your Honor, from the government.

25       THE COURT:  Mr. Hackney?

1      MR. HACKNEY:  No, Your Honor.

2      THE COURT:  We'll move to Count Two now.

3      As I understand Count Two, the issue, of course, is

4 for me to decide whether or not the third point will be

5 granted to Mr. Nestor.

6      Just so I know, I know you all agreed it was 46 to

7 57.

8      MR. HACKNEY:  With two levels off.

9      MS. LEE:  That's correct.

10      MR. HACKNEY:  With three levels off, it's 41 to 51

11 months.

12      THE COURT:  I realize the ultimate result has to be

13 reasonable under the statute.

14      MR. HACKNEY:  I was sort of obsessed about the

15 point because I know that the guidelines are significant in

16 the determination of what is a reasonable sentence.

17      THE COURT:  The supervised release period for Count

18 Two, does anyone know?

19      MR. HACKNEY:  I think there's no minimum -- the

20  guidelines would be --

21          THE COURT:  Is it five to life?

22          MS. LEE:  I think it is zero to --

23          MR. HACKNEY:  It's concurrent with the first one

24  anyway.

25          THE COURT:  I know.  I still want to know what it

1  is because I have to come up with an advisory range regardless

2  of what I do for the Court of Appeals.

3      MR. HACKNEY:  Any term of years?

4      MS. LEE:  Yes.

5      THE COURT:  All right.  The fine?  Is it 15 to 150?

6      MS. LEE:  The statutory maximum is $250,000 Your

7  Honor.

8      THE COURT:  Thank you.  It is 250.  I see it now.

9      Again, any further argument on Count Two?  I know

10  you have already done some, but I don't want to preclude you

11  from anything more, Mr. Hackney.

12      MR. HACKNEY:  As a matter of ultimate result, I

13  think a sentence of close to three years would be appropriate.

14  It won't matter if Mr. Nestor's appeal on Count One is

15  unsuccessful.  And if it is successful, I think that the three

16  years is adequate to deter Mr. Nestor.  He will have served a

17  good deal of time by then.  He's been serving time in the

18  Allegheny County jail since September.  He has recognized the

19  enormity of his actions, the consequences of his actions.  And

20  I just do not believe he is a risk of recidivism.  I think he

21  is the kind of person that is extremely unlikely to commit any

22  sort of crime again.  I think he is capable of -- he has

23  proven since his capability of sustained and productive

24  employment and should be permitted to return to society sooner

25  rather than later, if the mandatory minimum is not an

1  impediment.  So that's why I'm urging the Court to impose a

2  sentence of something close to three years in the case on the

3  count.

4        THE COURT:  Ms. Lee.

5        MS. LEE:  Your Honor, the government believes that

6  the guideline range of 46 to 57 months, which is the base --

7  which is the calculated offense level of 25 minus the

8  two-level reduction for acceptance of responsibility is

9  reasonable in this case.

10       The defendant in 2005 when he had his computer

11  possessed by the FBI had hundreds of images of child

12  pornography on that computer, including numerous videos.  That

13  computer was taken by the FBI and in the two years after that,

14  up until when he was arrested for the enticement count, he was

15  continually trying to obtain child pornography in the form of

16  DVDs or videos, that is, noncomputer child pornography so he

17  could watch it in the privacy of his own home without being

18  detected or without the risk of being detected on the

19  Internet.  So, it was a continuous course of conduct that the

20  initial sort of contact with the FBI didn't squelch, it didn't

21  stop his search for child pornography.

22          As to the application of the reduction for

23  acceptance of responsibility, I won't rehash what I already

24  argued to the Court, but I just want to note that that third

25  point, it's not that the government is trying to be punitive

1  to the defendant in this situation, it's just as a matter of

2  policy, across the board, with all of the defendants that we

3  deal with, when the defendant chooses to plead at such a late

4  date and at the 11th hour where the government has gone to the

5  expense and the trouble and the work of preparing for trial,

6  that third point just is not deserved at that point.  So, I

7  would just note that for Your Honor.

8       THE COURT:  Mr. Nestor, again, if there's anything

9  further you want to say.  I'm not suggesting you have to, but

10  if you want to, you certainly have the opportunity to do that.

11       THE DEFENDANT:  I don't have anything more to add

12  other than that if I was released at an earlier time, I have

13  no intentions as even crossing the street the wrong way.  I'm

14  saying that from my heart.  That's all I have to say.

15       THE COURT:  Well, again, my job is to impose a

16  sentence sufficient to but not greater than necessary to

17  fulfill the purposes of sentencing.

18       Now, we have Count Two, which, quite frankly,

19  perhaps maybe would not be viewed by the public or by other

20  people as serious as Count One, but that is not to say that

21  this is not a serious offense.  One of the things that

22  concerns me is that there would not be a market for these

23  horrendous images, whether they're on DVDs or photos, if there

24  were not consumers, if there were not customers.  If there

25  were not people like you, Mr. Nestor, these things would not

1  exist.  So, the existence of these DVDs, your quest repeatedly

2  to ask Rob, the undercover police officer, to bring DVDs of

3  young boys and porn and 18-year-olds with toddlers, repeatedly

4  stressing a desire for films involving sex between a teenager

5  and a toddler, constitutes for me a very serious offense.  I

6  recognize that you don't have a criminal history background,

7  but this is a priority of the Department of Justice at this

8  point, clearly.  There are task forces on child pornography

9  because it's an important societal interest.  This is where

10  resources are now being expended.  Maybe conduct that would

11  not have been caught in the past is being caught now because

12  resources are being directed toward this kind of activity.

13  While it might be inconceivable to somebody that this kind

14  of -- these kinds of sentences would have been imposed in the

15  past, now, this is the priority.  I think it is a serious

16  crime, and while there is nothing in your history or

17  background that gives me the kind of concern that I have about

18  someone who had repeatedly robbed banks, for instance, I do

19  think that based on what Ms. Lee said, even after the initial

20  contact with the FBI, that this kind of conduct continued with

21  you.  That you weren't deterred by that makes me think that it

22  might be something bigger than I understand.  But that it

23  is -- that you need to be deterred and you need to understand

24  that these kinds of things are going to be punished.

25          So for that reason, when I look at the horrendous

1  nature of the crime, the victims of the crime, these young

2  toddlers and infants and children, I don't know, there were

3  probably, I don't remember if there were infants in this, I

4  looked at everything, but I think there were some, that I need

5  to address that in a way that I think protects society and

6  gives you adequate punishment.

7      So, I think this.  I think that a sentence within

8  the advisory guideline range is appropriate.  I do not elect

9  because I don't think and I believe I should stay in the

10  advisory guideline range here because I think it is an

11  appropriate sentence.  I think it addresses all of the goals

12  of sentencing that I have talked about and the concerns of

13  sentencing.  I do believe that it is the government who moves

14  for reductions for acceptance of responsibility.  And

15  furthermore, in terms of them not doing that here, I do

16  believe that the acceptance of responsibility third point is

17  not intended and should not be awarded to someone who pleads

18  the Friday afternoon before the Monday scheduled for trial.

19  It is not a timely plea.  It is not a plea that gives the

20  government the opportunity to do less work or less

21  preparation.  So, those are my reasons.

22          Pursuant to the Sentencing Reform Act, it is my

23  judgment that the defendant, Brian Lee Nestor, be committed to

24  the custody of the Bureau of Prisons to be imprisoned for a

25  term of 46 months at Count Two, to be served concurrent with

1  the sentence imposed at Count One.

2          Upon release from imprisonment, you shall be placed

3  on supervised release for a term of ten years, concurrent with

4  the supervised release period at Count One.

5          Within 72 hours of your release, you shall report

6  in person to the probation office in the district in which you

7  are released.  While on supervised release, you shall not

8  commit another federal, state or local crime.  You shall

9  comply with standard conditions of supervised release

10  recommended by the Sentencing Commission and adopted by this

11  court and you shall comply with the following additional

12  conditions.

13          You shall not possess a firearm, ammunition,

14  destructive devise or other dangerous weapon.

15          You shall not illegally possess a controlled

16  substance and you shall refrain from the use of alcohol.

17          You shall participate in a program of testing, and,

18  if necessary, treatment for substance abuse to include alcohol

19  as directed by the probation office until such time as you are

20  released from the program by the probation office.

21      You shall be required to contribute to the costs of

22  services for treatment in an amount determined by the

23  probation office, not to exceed actual cost.

24      You shall submit to one drug urinalysis within 15

25  days after being placed on supervision and at least two

1  periodic tests thereafter.

2        You shall participate in a mental health treatment

3  program and/or sex offender treatment program as approved and

4  directed by the probation office, and shall abide by all

5  program rules, requirements and conditions including

6  submission to polygraph testing to determine your compliance

7  with conditions of release.

8        In accordance with federal law, you shall report

9  the address where you will reside and any subsequent change of

10  address to the probation officer responsible for your

11  supervision.  You shall register as a convicted sex offender

12  in any state where you reside, are employed, carry on a

13  vocation or where you are a student.

14        You shall not possess any materials including

15  pictures, photographs, books, writings, drawings, videos or

16  video games depicting and/or describing child pornography as

17  defined under federal law.

18        You shall submit your person, property, house,

19  residence, vehicle, papers, effects, computers and other

20  electronic communication or data storage devices or media to

21  search at any time, with or without a warrant, by any law

22  enforcement or probation officer based upon reasonable

23  suspicion of contraband, evidence of a violation of a

24  condition of release or supervision or unlawful conduct by

25  you.  Failure to submit to a search may be grounds for

1 revocation and you shall inform other residents that premises

2 may be subject to search pursuant to this condition.

3        You shall cooperate in the collection of DNA as

4 directed by the probation office.  You shall pay to the United

5 States a special assessment of $100 which shall be paid

6 forthwith to the United States District Court Clerk.  I find

7 that you do not have the ability to pay a fine and I'm waiving

8 a fine as to Count Two.

9        Now, Mr. Nestor, I am also recommending that you be

10 deemed eligible for any programs within the federal

11 correctional institution relating to sex offender treatment,

12 mental health treatment or substance abuse treatment.

13        I'm advising you that you have a right to appeal

14 this sentence within ten days from today.  If you are unable

15 to pay the costs of an appeal, you may request permission to

16 appeal without the payment of costs.

17        If you are given permission to appeal without the

18 payment of costs, you may request the Clerk of the court to

19 prepare and file a notice of appeal on your behalf.

20          Anything further from the government?

21          MS. LEE:  No, Your Honor.

22          MR. HACKNEY:  Your Honor, we'll take care of the

23  notice of appeal so he won't need to do that.

24          Secondly, I would ask if you could recommend that

25  the Bureau of Prisons consider locating him as close to Dover,

1  Delaware, as they can.  Mr. Nestor's sister is here and would

2  hope that he could be as close to their home because she's

3  going to be working with possibly moving his parents down

4  there.

5        THE COURT:  I don't know what they will do, of

6  course, but I'm glad to recommend that.  As close to Dover,

7  Delaware, as possible, if the government has no problem.

8        MS. LEE:  No objection to that.

9        THE COURT:  Did you move to dismiss the original

10  indictment?  This is a superseding indictment?

11        MR. TEITELBAUM:  I honestly don't recall the answer

12  to that.  We'll check on that and file something.

13        THE COURT:  The counts are all coming up, so check

14  that.  Thank you.

15     (Court adjourned.)

16                -----

17
                   C E R T I F I C A T E
18

19        I, Juliann A. Kienzle, certify that the
     foregoing is a correct transcript from the record of proceedings

20   in the above-titled matter.

21
     s/Juliann A. Kienzle
22   _____
     Juliann A. Kienzle, RMR, CRR
23

24

25