# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CR No. 7-369 |
| v. | ) CV No. 10-556 |
| | ) |
| BRIAN LEE NESTOR | ) |

## OPINION AND ORDER

### SYNOPSIS

In this criminal matter, Defendant pleaded guilty to one count of possession of child pornography, and was convicted by a jury of one count of coercion and enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b) and § 2252(a)(4)(B), respectively. At trial, the jury was presented with evidence such as Defendant's e-mail, internet, and phone communications with undercover law enforcement agents, in which Defendant discussed engaging in sexual activity with young children.[1] After pretrial proceedings, and due solely to scheduling concerns, the case was transferred to Judge Thomas Hardiman for purposes of trial. Throughout, Defendant was represented by the Federal Public Defender. The conviction was affirmed by the United States Court of Appeals for the Third Circuit, and the United States Supreme Court denied certiorari.

Before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255 based primarily on ineffectiveness of trial and appellate counsel. Defendant raises a multitude of challenges to counsel's and the Court's performance, set forth in subparts to fifteen loosely grouped

---

[1] The background of the case was summarized by the Court of Appeals, at Docket No. 117. As the Court noted, "it is abundantly clear from the record that Nestor was determined to meet and have sex with a child." United States v. Nestor, 574 F. 3d 159, 161 (3d Cir. 2009).

numbered "grounds."  For the following reasons, Defendant's Motion will be denied, and no certificate of appealability shall issue.

**OPINION**

I. **STANDARD OF REVIEW**

    A. **Section 2255**

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v.Ritter, 93 Fed. Appx. 402 (3d Cir. 2004).   Under these standards, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed. 2d 417 (1962).  "A person seeking to vacate his conviction bears the burden of proof upon each ground presented for relief." United States v. Keyes, No. 93-22-2, 1997 U.S. Dist. LEXIS 12109, at *2 (E. D. Pa. Aug. 11, 1997).

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 s. ct. 285, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I will consider Defendant's Motion according to these standards.

**B. Ineffective Assistance of Counsel**

Contrary to Defendant's assertion that a heightened standard applies to his case,[2] in the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689 (1984). "It is... only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989). Both trial and appellate counsel are governed by the same standards. See Smith v. Robbins, 528 U.S. 259, 285-86, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000). In order to fairly assess attorney performance, a court must make "every effort…to eliminate the distorting effects of hindsight…." Douglas v. Cathel, 456 F. 3d 403, 420 (3d Cir. 2006).

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance," and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. In order to be effective, appellate counsel need not raise every possible claim on appeal. Sistrunk v. Vaughn, 96 F. 3d 666, 670 (3d Cir. 1996); Kane v. Kyler, 201 F. Supp. 2d 392, 399-400 (E.D. Pa. 2001). Moreover, as regards appellate counsel, the question is not whether Defendant would prevail on remand, but whether the Court of Appeals would likely have reversed and remanded had the issue been raised on appeal. United States v.

---

[2] For the most part, Defendant's contentions appear anchored in his belief that his "counsel was required to demonstrate a much higher degree and standard of responsibility and competence," because his sex offender case involved "unchartered [sic] legal territory." Defendant's sex offender case was not unique.

3

Mannino, 212 F. 3d 835, 844-45 (3d Cir. 2000). In light of the wide array of circumstances faced by counsel, and the range of legitimate decisions regarding how best to represent a defendant, Strickland's inquiry turns on whether counsel's assistance was reasonable considering all the circumstances.[3] Wong v. Belmontes, 130 S. Ct. 383, 385, _ U.S. __, 175 L. Ed. 2d 328 (2009). At all points, "judicial scrutiny of counsel's performance must be highly deferential." Id.

Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also Gray, 878 F.2d at 709-13. Speculation as to "whether a different . . . strategy might have been more successful" is not enough. Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 843-44, 122 L. Ed. 2d 180 (1993). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844. A court need not consider both components of Strickland, if there is an insufficient showing on the other. Strickland, 466 U.S. at 697. If a claim fails either prong, it cannot succeed. Id. at 697.

## II. DEFENDANT'S MOTION[4]

### A. Guilty plea (Grounds 1 and 14)

---

[3] In this case, "all the circumstances" include the wealth of evidence amassed against Defendant.
[4] As mentioned supra, Defendant raises multiple issues, loosely grouped under broader headings, which are not always related by easily reproducible logic. For purposes of clarity, I too have grouped Defendant's arguments. Because certain arguments were left undeveloped or are encompassed by other, more developed areas of Defendant's Motion and my Opinion, I do not separately refer to every point raised in his Motion. I assure Defendant, however, that lack of mention is not the equivalent of lack of consideration. I have carefully and thoroughly reviewed each of his contentions, with one exception. Defendant contends, in Ground 15, that the Court of Appeals improperly adopted findings made by a biased trial judge. I am without authority to review the findings of the appellate court, and will not address Ground 15.

Defendant complains that in violation of the parties' agreement, the fact of his guilty plea was mentioned at trial. In addition, he argues that his counsel recommended the plea without a written agreement, to prejudicial effect. At trial, Defendant and the Government both made reference to Defendant's pre-trial plea of guilty to possession of child pornography. The Government had agreed not to use the guilty plea for impeachment purposes, but reserved the right to use the conduct forming the basis of the plea at trial, if admitted into evidence. Over defense counsel's objection, the Government questioned Defendant about the conduct; on redirect, defense counsel elicited the fact of the guilty plea. There are several possible legitimate goals for counsel's question. It would be reasonable for defense counsel, for example, to use the plea to demonstrate that Defendant was aware of the illegality of his underlying conduct, or to make the jury aware that Defendant would already be held accountable for that conduct. This approach was not constitutionally deficient.

Moreover, even if defense counsel had erred, Defendant cannot demonstrate a reasonable probability that the outcome of the trial would have been different had the fact of the plea gone unstated. During the proceedings, Defendant testified that he had a huge child pornography collection, and had hundreds of child pornography films stored on his computer. Given this testimony, which Defendant does not challenge, along with the remaining evidence presented in the case relating to the possession and use of pornography, I fail to see how the fact that he pleaded guilty to possessing child pornography prejudiced Defendant's enticement trial. Accordingly, he has not demonstrated that counsel was ineffective by raising the guilty plea at trial.

To the extent that Defendant contends that counsel's failure to secure a written plea agreement was ineffective, I reject that argument. The role that the plea would play at the enticement trial was dealt with, on the record, at the change of plea hearing. Moreover, although Defendant contends that counsel should have secured an agreement to concurrent sentencing, such an agreement is not within counsel's power. The Court, and not the Government, determines the ultimate sentence. At the change of plea hearing, the Court advised Defendant that the judge "possesses broad discretion to sentence," and that "the sentence imposed may be different from any estimate that your attorney may have given you[.]" Defendant indicated his understanding and assent, on the record. Defendant has not suggested how reducing his agreement to writing would have altered the outcome of the proceedings. In addition, Defendant has not demonstrated that counsel acted below applicable standards, nor does he assert that he would have made a different decision with respect to his guilty plea, had counsel acted differently. Thus, Defendant has failed to meet the requirements of <u>Strickland</u>.

**B. Prejudicial Evidence (Grounds 1, 4, 7, 8, and 10)**

Next, Defendant objects to the admission of several items of evidence and Government argument, which he argues were overly prejudicial. In particular, he contends that the Court erred in allowing, or counsel erred in failing to properly object to, graphic or vulgar words, testimony, recorded conversations, and depictions, including Defendant's "BAD KID" license plate, the fact that he lived in a neighborhood with many children, and references to the drug GBH and rape of infants. Fed. R. Evid. 403 provides, in pertinent part, that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the

6

danger of unfair prejudice…." Unfair prejudice is defined as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Comm. Notes, Fed. R. Civ. P. 403. It refers, in sum, to evidence that may "cause a jury to base its decision on something other than the established propositions in the case." <u>Carter v. Hewitt</u>, 617 F.2d 961, 972 (3d Cir. 1980). Objections of this type have been overruled at trial in cases similar to the one at bar, and those evidentiary rulings have been upheld on appeal. <u>See</u>, e.g., <u>United States v. Caldwell</u>, 586 F. 3d 338, 342-43 (5th Cir. 2009). District Courts are afforded substantial deference when weighing evidence under Rule 403. <u>United States v. Lee</u>, 612 F. 3d 170, 191 (3d Cir. 2010). Indeed, in a case involving sex, pornography, and children, it would be wholly impracticable to expect or require counsel to object to, or the Court to exclude, all relevant graphic, prejudicial, or vulgar evidence. Additionally, some of the evidence, such as the presence of children in Defendant's neighborhood, was reflected in Defendant's e-mails and other communications. Thus, there are no grounds for finding either appellate or trial counsel ineffective on that basis. While the evidence was likely prejudicial, in a general sense -- <u>i.e.</u>, detrimental to Defendant -- the evidentiary rules do not preclude mere prejudice. They address only <u>unfair</u> prejudice, and Defendant fails to describe unfair prejudice in the context of this particular trial.

### C. Testimony of Government Witnesses (Grounds 1, 2, 3, 5, and 7)

Next, Defendant objects to the manner in which the Court and defense counsel dealt with the allegedly speculative testimony of various Government witnesses. First, he contends that the Court permitted Officer Jones to testify as to the meaning of several terms. The evidence at trial established that Officer Jones worked, on a full-time basis, on computer

7

crimes, including undercover investigations in child exploitation cases. In connection with his duties, he testified, he monitors internet chat rooms, electronic bulletin boards, ad postings, and the like. Officer Jones testified as to his knowledge of the terms in his "training and expertise and experience in this area." See, e.g., Teen-Ed, Inc. v. Kimball Int'l, Inc., 620 F.2d 399, 403 (3d Cir. 1980) ("[t]he modern trend favors the admission of [lay] opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination."). Accordingly, a failure to object to the testimony, or raise it on appeal, did not fall below the wide range of professionally competent assistance. Moreover, one cannot conclude that the allegedly improper testimony proffered by Officer Jones, rather than the significant amount of other evidence amassed against Defendant, caused the jury to speculate that Defendant wanted to have sex with children. There are absolutely no grounds for finding counsel's approach deficient, under applicable standards. Defendant is not entitled to relief on grounds relating to Officer Jones' testimony.

Defendant also contends that an FBI computer analyst was improperly permitted to speculate the percentage of Defendant's e-mails that were sexual in nature, and the percentage that involved children.[5] At trial, Defendant's counsel objected to the estimate. The objection was overruled, because the analyst had read the e-mails. This decision was not unfounded; again, testimony based on a witness' personal knowledge is appropriate. See, e.g., United States v. Stadtmauer, No. 9-1575, 2010 U.S. App. LEXIS 18851 (3d Cir. Sept. 9, 2010). Further, Defendant demonstrates no prejudice, within the meaning of Rule 403 or Strickland,

---

[5] In Ground 7, he also objects to a witness' stating, "I believe [GHB] is a date rape drug." There is absolutely no basis for finding that this statement caused Defendant prejudice, in the context of the other testimony proffered in this case.

due to the estimates. He does not demonstrate what would have been achieved had his counsel, as he now urges, asked "how [the e-mails] pertained to children." It is highly unlikely that a challenge would have succeeded on appeal, and thus appellate counsel acted appropriately in failing to raise the issue. Finally, again, the mass of evidence proffered against Defendant at trial diminishes the possibility that, absent the analyst's estimate, the result at trial would have been different.

As a related matter, Defendant contends that counsel failed to effectively cross-examine the witnesses who presented the prejudicial evidence. Primarily, Defendant relies on a comparison of the length of each witness' cross-examination in comparison to the length of the direct examination. The mere duration of an attorney's questioning, however, is absolutely no measure of its effectiveness. A thorough review of the trial transcript reveals that counsel's cross-examination of each witness was well within applicable standards of competency.[6] It is not the Court's role to second-guess counsel's reasonable discretionary decisions. United States v. Gordon, 335 Fed. Appx. 236, 239 (3d Cir. 2009).

Defendant also contends that his counsel failed to explore expert witnesses who could have disputed the Government's now-challenged testimony. It is unclear exactly what testimony such an expert might have offered, and how it would have countered the Government's evidence. Suggesting that the defense might have presented testimony "including, but not limited to, computer experts, psychologists, psychiatrists, sociologists, etc.," is wholly inadequate. Generally, counsel's decisions regarding witnesses are matters of trial strategy to be afforded appropriate deference. See Henderson v. DiGuglielmo, 138 Fed. Appx.

---

[6] This conclusion is likewise applicable to the allegedly deficient cross-examination of the other Government witnesses, as set forth in Defendant's Motion.

9

463, 470 (3d Cir. 2005). Such is the case here, and Defendant has not established grounds for habeas relief in that regard.

### D. Evidence Seized from Computer in 2005 (Grounds 6 and 12)

Next, I address Defendant's contention that the Court erred in permitting the Government to proffer evidence seized from his computer in 2005, two years prior to the offense charged. Defendant argues, in essence, that the evidence was too remote in time from his offense, and also was used to demonstrate his propensity in violation of Fed. R. Evid. 404(b). Trial counsel objected, and the objection was overruled, based, in part, on lack of remoteness. Defendant presently argues that appellate counsel was ineffective for failing to challenge that ruling. As discussed supra, however, appellate counsel is not required to raise every non-frivolous issue. United States v. Atkinson, No. 10-247, 2010 U.S. Dist. LEXIS 54812, at *15 (W.D. Pa. June 4, 2010). Moreover, there is significant support for the proposition that prior acts occurring two years before an offense are not too remote in time, or inadmissible under Rule 404(b). See, e.g., United States v. Flores-Blanco, No. 09-50040, 2010 U.S. App. LEXIS 20423 (9th Cir. Oct. 4, 2010); United States v. Edouard, 485 F.3d 1324 (11th Cir. 2007); United States v. Grimes, 244 F. 3d 375 (5th Cir. 2001). Under applicable standards, therefore, and under the narrative presented in this case, there is no reasonable likelihood that a challenge to this ruling would have prevailed on the appellate level. See, e.g., Grimes, 244 F. 3d at 384-85. Defendant's allegations are insufficient to overcome the strong presumption that appellate counsel exercised reasonable judgment in deciding the parameters of the appeal.

10

**E. Right not to Testify (Grounds 9 and 11)**

Defendant contends that the Court did not advise him of his right not to testify, and that he would be entitled to a jury instruction that no inference was to be drawn as a result. As a related matter, he asserts that he was forced to testify in poor physical and mental condition. Defendant appears to attribute these failures to the judge, rather than counsel.[7]

With respect to Defendant's physical and mental condition, his counsel made a motion to delay the trial so that Defendant could sleep and eat, and shave and shower. Defendant stated, "No, I am ready to go ahead." His counsel stated, "I have to go by your guidance on this." Defendant stated, "Let's do it." Counsel is not required to overpower the expressed will of his client in such a situation. There are absolutely no grounds for finding that counsel's conduct in this regard was unreasonable. Moreover, with respect to the lack of personal hygiene opportunities, "regardless of the merits of Defendant's claim that this denial was error and rose to Constitutional dimensions, the prejudice arising therefrom to the Defendant, if any, was harmless error beyond a doubt." United States v. Casey, 540 F. 2d 811, 817 (5th Cir. 1976).

Moreover, "[e]ven if trial counsel had failed to advise defendant that he had the ultimate decision whether to testify, the alleged error was not prejudicial. …Defendant has not specifically alleged…why the verdict would have been different without his testimony." United States v. Powell, No. 1-20021-1, 2004 U.S. Dist. LEXIS 12692, at *4 (D. Kan. June 16, 2004).[8] For

---

[7] In potential contrast, however, Defendant also contends that had counsel not erred, he would not have pleaded guilty to the possession charge. I note that this lone assertion is insufficient to attack the voluntariness of his guilty plea.

[8] I note, too, that the Court advised of both instances in the context of his guilty plea, which occurred prior to his trial on Count 2:

Court: Do you understand…that at the trial you would have the right to testify if you chose to do so?

11

example, Defendant has failed to demonstrate what incriminating statements he made because of the alleged failure to object to the Court's approach. See United States v. Worley, No. 5-76, 2008 U.S. Dist. LEXIS 90872, at *8 (W.D. Va. Nov. 7, 2008). Thus, he has not demonstrated a reasonably probability that the outcome of the trial would have been different had he not testified, as required by Strickland. Likewise, there are no grounds for finding appellate counsel ineffective for failing to raise this issue.

### F. Prosecutorial Misconduct (Ground 13)

Defendant contends that the Government improperly utilized cross-examination meant to inflame the jury, by referring to prejudicial evidence. "A 'prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury,' and where 'the only conceivable purpose of the prosecutor's [remarks] was to prejudice the jury,' a prosecutor's remarks are improper. …To warrant reversal, however, the prosecutorial misconduct must 'so infect[] the trial with unfairness as to make the resulting conviction a denial of due process.'" United States v. Spivack, 376 Fed. Appx. 144, 145 (2d Cir. 2010). When considering a charge relating to prosecutorial conduct, I consider "the severity of the misconduct, the measures adopted to cure it, and the certainty of conviction in the absence of the misconduct." Id.

---

Defendant:   Yes.

Court:   Do you understand that at the trial you would also have the right not to testify and no inference or suggestion of guilt could be drawn from the fact that you did not testify?

Defendant:   Yes.

 In addition, the jury was instructed that the defendant has the right to remain silent, and that it may not consider that defendant may not have testified.

In this case, Defendant complains of the Government's reference to evidence that was never excluded from trial, as discussed above. He also points to evidence that he himself introduced. For example, he objects to the Government's reference to homosexual conduct. Defendant himself testified, however, to his desire for homosexual conduct. Moreover, the jury was instructed, as is customary, that statements by lawyers are not evidence. In the context of this case, the Government's remarks were clearly not so egregious as to constitute a denial of due process, and appellate counsel did not deal with these issues improperly. Defendant is not entitled to habeas relief on these grounds.

**G. Remaining Issues**

As a final matter, Defendant raises several issues in his Reply Brief that are not raised in his initial Motion. Issues raised in this manner are not properly before the Court. United States v. Keyes, No. 7-3453, 2008 U.S. Dist. LEXIS 54356 (E.D. Pa. July 11, 2008). "A reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief and is not ordinarily a forum to raise new issues." Id. at *10 n. 3. This principle applies in the habeas context, and provides grounds for disregarding the arguments thus raised.[9] Nonetheless, because Defendant is acting pro se, I will address those issues most salient and developed, and thus amenable to meaningful consideration, as submitted in the Reply Brief.[10]

First, Defendant claims that his appellate counsel and trial counsel were both employed by the Federal Public Defender's office, and appellate counsel stated that she would not claim ineffectiveness of trial counsel due to conflict of interest. In the first instance, ineffective

---

[9] Although I do not now construe Defendant's Reply Brief as second or successive 2255 Motion, I do note that raising new issues in a reply brief may run afoul of Section 2255's prohibition of additional habeas petitions.
[10] Others -- such as the contention that he was coerced into testifying, or continuing with trial, by a "scowl" on the face of the trial judge, are both undeveloped and do not present grounds for habeas relief.

13

assistance claims are properly raised on collateral attack, rather than on direct appeal. United States v. Gaskins, No. 9-2954, 2010 U.S. App. LEXIS 19352, at *10 (3d Cir. Sept. 16, 2010). Thus, accepting Defendant's assertion as true, counsel would not have been able to raise the issues on direct appeal. Counsel cannot have been ineffective for failing to raise a frivolous claim. See Baez v. DiGugielmo, No. 10-1396, 2010 U.S. Dist. LEXIS 85364, at *8 (E.D. Pa. June 30, 2010). Moreover, there is no actual conflict of interest where trial and appellate counsel both work for the public defender's office. Steward v. Workman, No. 4-350, 2007 U.S. Dist. LEXIS 66899, at *21 (E.D. Okla. Sept. 7, 2007). For these reasons, Defendant is not entitled to relief on conflict of interest grounds.

Lastly, Defendant also suggests that cumulative errors infected his trial, and entitle him to habeas relief. "'[A] cumulative-error analysis merely aggregates all the errors that individually have been found to be harmless . . .[and] analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless.'" Albrecht v. Horn, 485 F.3d 103, 139 (3d Cir. 2007). "Cumulative errors are not harmless if they had a substantial and injurious effect or influence in determining the jury's verdict, which means that a habeas petitioner is not entitled to relief based on cumulative errors unless he can establish actual prejudice." Id. I have considered the record under a cumulative error analysis, and find that habeas relief is unwarranted.

## II. PROCEDURAL DEFAULT

A Section 2255 Motion is not a substitute for appellate review. Thus, any issues not raised on direct review are procedurally defaulted, unless Defendant can show valid cause for the default, and prejudice resulting from the default. United States v. Frady, 456 U.S. 152, 168,

14

102 S.Ct. 1584, 71 L. Ed. 2d 816 (1982). He must show "actual prejudice," which refers to errors that "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Dickens v. United States, No. 3-3953, 2005 U.S. Dist. LEXIS 36432 (D.N.J. Dec. 27, 2005). Ineffective assistance of counsel constitutes cause for a default. Hodge v. United States, 554 F.3d 372, 379 (3d Cir. 2009). The claims raised in the present Motion were not raised on appeal, and as suggested by the discussion supra, Defendant has not demonstrated actual prejudice. To the extent that counsel was not ineffective under Strickland, therefore, or to the extent that the claims do not involve alleged ineffective assistance of either trial or appellate counsel, Defendant's claims have been procedurally defaulted.

## IV. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." In this case, for the reasons stated in the foregoing Opinion, Defendant has not made the required showing. Therefore, a certificate of appealability will not issue in any respect, regarding the issues decided herein.

## CONCLUSION

In sum, under applicable deferential standards and presumptions, Defendant has not demonstrated a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure. He is not, therefore, entitled to habeas relief. In addition, no certificate of appealability shall issue. An appropriate Order follows.

15

**ORDER OF COURT**

AND NOW, this 23rd day of November, 2010, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's habeas corpus motion is DENIED. No certificate of appealability shall issue.

                                              BY THE COURT:

                                              s/ Donetta W. Ambrose
                                                 Donetta W. Ambrose
                                                 United States District Judge